**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30328 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00057-SEH-1 |
| v. | |
| NOAH CHILDS GORDON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted June 9, 2010
Portland, Oregon

Before: HALL, THOMPSON, and McKEOWN, Circuit Judges.

Noah Childs Gordon appeals his within-Guidelines sentence imposed by the

district court following his guilty plea to conspiracy to import a controlled

substance in violation of 21 U.S.C. § 963. Gordon argues that the district court

committed procedural error by failing to adequately explain why it rejected his

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

request for downward departure under Kimbrough v. United States, 552 U.S. 85 (2007), and whether it considered the 18 U.S.C. § 3553(a) factors. Gordon also argues that the district court imposed a substantively unreasonable sentence, because the potency of the pills involved in the conspiracy was less than the typical tablet considered in the Guidelines and because the equivalency between MDMA[1] and marijuana in the Guidelines is itself, and as applied to Gordon, unreasonable.

"Whether the district court provided an adequate statement of reasons for the sentence it imposed is a question of law that we review *de novo*." United States v. Miqbel, 444 F.3d 1173, 1176 (9th Cir. 2006) (citation omitted). Our review of the record and the district court's statements during sentencing indicate that in imposing Gordon's sentence, the district court considered all of the arguments, testimony, materials submitted, and the factors under 18 U.S.C. § 3553(a). The reasons stated by the district court were sufficient, and no specific cases needed to be cited, as we presume that district judges know the law. United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Gordon's sentence was also substantively reasonable. Our review of the record does not leave us with "a definite and firm conviction that the district court

---

[1]MDMA is the shortened name for Methylenedioxymethamphetamine, commonly known as ecstasy or the "hug drug."

committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." United States v. Amezcua-Vasquez, 567 F.3d 1050, 1055 (9th Cir. 2009).

**AFFIRMED.**